UNITED STATES FEDERAL COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RENAUD RICHARD** | * | CIVIL ACTION NO.   6:22-cv-843 |
| | * | |
| | * | |
| | * | **JUDGE:** |
| **VERSUS** | * | |
| | * | **MAGISTRATE:** |
| | * | |
| **NATIONAL RAILROAD PASSENGER** | * | **JURY TRIAL DEMAND** |
| **CORPORATION D/B/A AMTRACK,** | * | |
| **WILLIAM ANDREWS** | * | |

**************************************************************************

**PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE**

**COMPLAINT**

**NOW INTO COURT,** through the undersigned counsel, comes **RENAUD RICHARD,** an individual of the age of majority and a resident of St. Mary Parish, Louisiana, complaining of the Defendants, **NATIONAL RAILROAD PASSENGER CORPORATION D/B/A AMTRAK,** and Co-Defendant, **WILLIAM ANDREWS,** for cause of action, would respectfully show as follows:

**I. PARTIES**

1.1    Plaintiff, RENAUD RICHARD, is a U.S. Citizen and a resident of Baldwin, La.

1.2    Defendant, NATIONAL RAILROAD PASSENGER CORPORATION D/B/A AMTRAK ("AMTRAK") is a corporation organized and existing under the laws of the District of Columbia, engaged in interstate commerce, which is doing

1

business in this District and the State of Louisiana for the purpose of accumulating monetary profit, and may be served with process through the registered agent, CT Corporation, 1015 Street NW, Suite 1000, Washington, DC 20005.

1.3   Co-Defendant, WILLIAM ANDREWS, an individual of the age of majority and a resident of Orleans Parish, Louisiana.

## II.  JURISDICTION AND VENUE

2.1   Jurisdiction of this court is proper under 28 U.S.C. §1332 because the parties are completely diverse, and the amount in controversy exceeds $75,000.00.

2.2   This Court also has subject matter Jurisdiction over this complaint pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1349, as Amtrak is a corporation of which the United States owns more than one-half of the capital stock.

## III.  VENUE

3.1   Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## IV.  STATEMENT OF CLAIM

4.1   On or about March 26, 2021, Plaintiff, RENAUD RICHARD, was lawfully operating his motor vehicle in the Town of Baldwin, Louisiana on Haven Street when said vehicle attempted to cross the railroad tracks and was suddenly and without warning struck by a train being operated by the Co-Defendant, WILLIAM ANDREWS, and owned by Defendant, NATIONAL RAILROAD PASSENGER CORPORATION D/B/A AMTRAK ("AMTRAK").

4.2 After stopping his vehicle at the stop sign before the railroad crossing, Plaintiff, RENAUD RICHARD, cautiously approached the railroad crossing in order to look down the railroad tracks to his left side to make sure a train <u>was not</u> coming down the tracks in his direction. Plaintiff, RENAUD RICHARD, had to move closer to the railroad crossing to look further down the tracks, due to the fact his vision was obscured by the high grass, shrubbery, and the tree-lining which run along the side of the railroad tracks.  As Plaintiff, RENAUD RICHARD, was looking down the tracks to his left, the train being operated by the Co-Defendant, WILLIAM ANDREWS, and owned by Defendant, NATIONAL RAILROAD PASSENGER CORPORATION D/B/A AMTRAK ("AMTRAK") came from the right side of the tracks, and without warning, crashed into the vehicle being driven by Plaintiff, RENAUD RICHARD.

4.3 The safety markings on the paved streets prior to railroad crossing were badly blemished and faded out to the point they were undeterminable by an approaching motorist, additionally the railroad crossing signs were also faded out in various places on the sign. The railroad crossing also <u>did not</u> contained any flashing lights and/or crossing arms to prevent vehicles from entering onto the railroad tracks when a train is approaching.

4.4 After being hit by the train, Plaintiff, RENAUD RICHARD, was transported by ambulance to the hospital, and treatment for his injuries continues up to this date.

## V. CAUSES OF ACTION

**A.  Negligence**

5.1   The Defendants engaged in negligent acts and/or omissions resulting in the injuries and damages suffered by Plaintiff, RENAUD RICHARD.

5.2   Defendant, NATIONAL RAILROAD PASSENGER CORPORATION D/B/A AMTRAK ("AMTRAK"), and Co-Defendant, WILLIAM ANDREWS was negligent and grossly negligent in each of the following ways:

1) Failing to sound a warning signal;

2) Failing to sound the train's whistle;

3) Failing to keep a proper lookout;

4) Failing to see what he should have seen and failing to do what he should have done in order to avoid the collision;

5) Traveling at an excessive rate of speed at a railroad crossing which he knew or should have known had defective warning devices; and no warning devices or crossing arms;

6) Traveling at an excessive rate of speed at a railroad crossing which he knew or should have known was improperly maintained;

7) Traveling at an excessive rate of speed; and

8) Other acts which will be presented at the trial of this matter.

5.3   But for the acts or omissions of Defendants and/or the defective conditions, Plaintiff, RENAUD RICHARD, would never have been involved in the collision.

    **B.**    **Gross Negligence**

5.4    Defendant, NATIONAL RAILROAD PASSENGER CORPORATION D/B/A AMTRAK ("AMTRAK") and Co-Defendant, WILLIAM ANDREWS, acts and/or omissions rose to the level of gross negligence and warrant the imposition of exemplary damages. The Defendants were are of the dangers and conditions of the railroad crossing, yet exhibited conscious indifference to the rights and welfare of the Plaintiff, RENAUD RICHARD, which proximately caused his injuries and damages.

## VI. DAMAGES

6.1    As a direct and proximate result of the Defendant's negligence and/or gross Negligence, Plaintiff, RENAUD RICHARD, suffered the following injuries and damages including, but not limited to:

1.) Mental anguish; past, present and future;

2.) Loss of earnings; past, present, future;

3.) Loss of earning capacity;

4.) Physical impairment and injury; past, present, and future;

5.) Medical expenses; past, present, and future;

6.) Physical pain and suffering; past, present, future;

7.) Loss of physical enjoyment of life; past, present, and future;

8.) Pecuniary and non-pecuniary damages to which he is entitled, including punitive damages.

## VII.  JURY DEMAND

7.1   Plaintiff, RENAUD RICHARD, demands a trial by Jury herein,

**WHEREFORE,** Plaintiff, RENAUD RICHARD, prays for judgment against Defendant, NATIONAL RAILROAD PASSENGER CORPORATION D/B/A AMTRAK ("AMTRAK") and Co-Defendant, WILLIAM ANDREWS, for actual damages in an amount exceeding the jurisdictional limits of this Court, prejudgment and post-judgment interest; punitive damages and attorney's fees, cost of suit, and all other relief to which he may be entitled.

RESPECTFULLY SUBMITTED,

**Marcus A. Allen, Sr. Bar#:26592**
Mallen@allenlawfirm.net
1728 W. University Ave
Lafayette, La. 70506
Telephone: (337)289-1762
Fax: (337)443-2844
***Attorney for Renaud Richard***